## No.: 25-3472

| | |
|---|---|
| *In re J.H.* | |
| *J.H.* | |
| Petitioner. | |
| v. | |
| *UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES.* | |
| Respondent. | |
| *TREVOR JAMES KIRK and the UNITED STATES OF AMERICA* | |
| Real Parties in Interest. | |

**CONDITIONAL REPLY BRIEF OF J.H.** *(IF JH's MOTION TO STRIKE IS DENIED)*

**Caree Harper SBN 219048**
**LAW OFFICES CAREE HARPER**
**401 Wilshire Blvd. Suite 1200**
**Santa Monica, CA 90401**
**(213) 386-5078 Tel.**
**Email:** *Ch1@attorneyharper.com*

**Attorneys for Petitioner / Crime Victim "J.H"**

## BRIEF SUMMARY

The government argues "J.H. was afforded all of the *pertinent* rights under the CVRA, and J.H.'s claims of error are groundless and unpreserved." JH asserts that **_all_** rights under the CVRA are to be afforded and not just the rights that the government believes are "pertinent".

As sentencing has occurred despite J.H.'s request, JH now asks that this Court order the sentencing be done anew and the felony jury verdict be reinstated as the government acted in **"bad faith"**[1] when it convinced the District Court that it had no discretion in the matter. The failure of this Court to correct the lower Court's error would be **"clearly contrary to the public interest"**[2].

////

///

---

[1] This new administration is no stranger to acting in bad faith. It is true that this Court could take judicial notice that career AUSAs around the country are resigning in droves because they nobly refuse to kiss the ring of a wannabe King. These AUSA are not allowed to follow their own guidelines: JUSTICE MANUAL Title 9: Criminal 9-2.000 - Authority Of The U.S. Attorney In Criminal Division Matters/Prior Approvals 9-2.050 - Dismissal of Indictments and Informations which states in pertinent part: "Rule 48(a), Fed. R. Crim. P., **requires** leave of court for dismissal of an indictment or information by the United States Attorney." President Trump said that **one "rough hour" of policing** would end crime, as he called for law enforcement to be freed up to "do their job" **without restrictions**. (Trump says '1 rough hour' of policing would end crime by Brett Samuels - 09/30/24; Trump campaigned on giving police officers immunity from prosecution Published: 6:12 PM EST November 7, 2024 (VerifyThis.com).

[2] The court may decline leave to dismiss if the manifest public interest requires it. *See Rinaldi v. United States*, 434 U.S. 22 (1977); *United States v. Gonzalez*, 58 F.3d 459 (9th Cir.1995); *United States v. Welborn*, 849 F.2d 980 (5th Cir.1988); *United States v. Hamm*, 659 F.2d 624 (5th Cir.1981)(and cases therein).

## ARGUMENT

### A. WHILE J.H.'S REQUEST FOR A STAY OF SENTENCING IS NOW MOOT, THE COURT CAN & SHOULD ENSURE THAT J.H.'S RIGHTS UNDER THE CVRA ARE ACCORDED

After the district court granted the Government's Rule 48(a) motion, J.H. endeavored to file her Petition before sentencing and she did just before the sentencing proceeding.[1]  In the Government's Response, it indicates the district court after a break announced that it did not believe the petition itself required the court to delay the sentencing (Gov P. 21)   While the district court knew of this proceeding and could have waited for this court's decision, for whatever reasons it chose to proceed to sentencing.

The Government tries to spin the J.H.'s petition into something it is not when it indicates "To the extent that J.H.'s petition is construed as a request to vacate defendant's sentence, it is not procedurally proper."   When the Petition was filed, there had not been a sentence.  Therefore the Petition was never intended vacate any sentence. Rather the request from J.H. was to vacate the Rule 48(a) motion where CVRA violations occurred and limited the possible sentence to one year rather than ten years.   Moreover, as this Court has made clear, the CVRA gives district courts, not courts of appeals, the authority to decide a motion to

---

[1]  In light of the timing, J.R.'s Petition was not a polished as she would have liked J.H.'s counsel was not in Court for the Defendant's sentencing as she was in the process of filing the Petition in this case; the government acknowledged receiving the brief 24 minutes before the sentencing hearing started.

reopen in the first instance. *Kenna v. U.S. Dist. Ct. for C.D.Cal.,* 435 F.3d 1011, 1017 (9th Cir. 2006). This Court under its authority to ensure victim's rights to craft an appropriate order to remedy a violation of J.H.'s rights.

A persuasive example would be the analogous Maryland law that has an analogous judicial obligation to 18 U.S.C. § 3771(b)(1). See. Md. Code Ann., Crim. Proc. § 11-103(e)(1) (In any court proceeding involving a crime against a victim, the court shall ensure that the victim is in fact afforded the rights provided to victims by law.) In a case where the Maryland Supreme Court provided relief to a victim where the prosecutor dismissed charges after the trial court had vacated the defendant's conviction on a motion filed by the prosecutor and joined by the defendant and the argument was the victim's rights assertion was moot.

> We agree with *Antoine*'s interpretation of CP § 11-103(e). The logical conclusion we reach from applying it here is that the nol pros did not moot Mr. Lee's claim on appeal that the circuit court violated his rights as a victim's representative. Just as the trial court's otherwise legal action in *Antoine* in binding itself to a plea agreement was rendered a nullity as a result of the antecedent violation of Antoine's rights as a victim, the State's Attorney's otherwise legal action of entering a nol pros in this case was a nullity if the vacatur hearing was unlawful due to a violation of Mr. Lee's rights as a victim's representative.

*Syed v. Lee*, 488 Md. 537, 590, 322 A.3d 578, 608–09 (2024). See also. *Antoine v. State*, 245 Md. App. 521, 560–61, 226 A.3d 1170, 1193 (2020)(Remedy of vacating a sentence for victim's rights errors occurring when a court accepted a plea does not violate double jeopardy under *United States v. DiFrancesco*, 449 U.S. 117 (1980))

v

This Court can and should vacate the defendant's sentence to address the violation of victim's rights that occurred at the Rule 48(a) decision before the district court.

B. THE PROCEDURAL DEFECTS ALLEDGED BY THE GOVERNMENT OVERLOOK GLOSS OVER THAT THE DISTRICT COURT FAILED TO ACCORF J.H. THE RULE OF LAW AS REQUIRED BY THE CVRA

Throughout the Government's response, the Government's shotguns many perceived errors or omission by the victims while failing to address the deficiencies in the actions of the district court. When counsel for J.H. attempted to enter her appearance, she indicate that she entered for Crime Victim "JH" who plans to assert her rights. (Document 91) J.H.'s rights include her right to be heard. How else can an attorney advocate for a client as a participant unless accepted as a counsel of record in a case. Entry of counsel to protect the rights of a non-party is not unusual. e,g, *United States v. Mahon*, No. CR09-712-PHX-DGC, 2010 WL 94247 (D. Ariz. Jan. 5, 2010, Yet below, the appearance was not accepted.

Despite that fact that her appearance was not accepted, Counsel took the step of filing for there would be something to preserve the record. (Document 100). Those two steps more than adequately preserved the record. Regarding timing, no Rule 48 (a) motion was filed until J.H. was heard. An attorney whose appearance in a case does not have the ability to address the court. It was a fundamental error of the district court not to accept the appearance of counsel and allow counsel to be

heard. This is especially true when there is no one advocating for a victim and the government and the defendant are aligned.

The government cites *In re Zackey*, No. 10-3772, 2010 WL 3766474, at *1 (3d Cir. Sept. 22, 2010) for the proposition that the CVRA does not require that the victim be represented by counsel. The facts in *Zackey* are diametrical contrary to the facts below. The Court indicated,

> Subsequent to the District Court's order, the government filed Zackey's motion for restitution and attorneys fees under the name of the United States Attorney's Office. Additionally, it has represented that it will seek an upward departure of the sentencing guidelines on account of Donahue's acts that precipitated the destruction of Zackey's credit rating and caused him severe emotional trauma. Because the government has not entered into any agreement that would compromise its ability to advocate unequivocally at sentencing for the rights of Donahue's victims, these measures ensure Zackey's rights under the CVRA will not be diluted in the absence of individual counsel.

The government and the victims interests were in sync. Not only did the Government filed the victim's "motion for restitution and attorneys fees under the Name of the United States, but the government requested an upward departure. There was no agreement in Zackey that would compromise the government of its ability to advocate unequivocally at sentencing for the rights of the defendant's victims. Therefore, the court found that the victim's rights under the CVRA would not be diluted in the absence of individual counsel.

The rationale of *Zackey* fully supports why individual counsel is required here. Under 18 U.S.C. § 3771(e)(1) indicates that the crime victim or the crime

victim's lawful representative, and the attorney for the government may assert the rights in described in subsection (a). In *Zackey*, the victim was not prejudiced because the government helped Zackey be accorded his rights as victim. Here the government and the defendant agreed to a plea bargain. The CVRA contemplates that plea agreements contrary will occur because nothing in the CVRA may be construed to impair the prosecutorial discretion of a federal prosecutor. 18 U.S.C. § 3771(d)(6). Under *Santobello v. New York*, 404 U.S. 257 (1971) when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. In this case, the plea called for probation. J.H. requested a ten-year sentence. By the time that the plea bargain was reached, the government was compromised from it ability to advocate unequivocally for the rights of J.H. The government change for supporting J.H. as if the government had an animus against her. From being a victim, the government her and created false facts that continue to this day. The need for individual counsel that the Zackey was not needed because of the position of the government was and is needed below. As J.H.'s legal representative, counsel can assert her interests as allowed under the CVRA. 18 U.S.C. § 3771(e)(1).

The Government suggests the district court did what was required. However, the record does not indicated that where the district court decided the legal issues J.H. raised. No where in the four corners of the court's order deciding

the Rule 48(a) motion is there mention of the legal issues raised by J.H. (Document 103)

### C. A CRIME VICTIM'S RIGHT TO FAIRNESS REQUIRES DUE PROCESS AND THE RULE OF LAW THAT WAS NOT ACCORDED BELOW.

It has long been the rule of law that when two statutes relate to the same thing, all the related statutes are considered together and the subsequent statute will govern the meaning of the earlier state.

> the correct rule of interpretation is, that if divers statutes relate to the same thing, they ought all to be taken into consideration in construing any one of them, and it is an established rule of law, that all acts *in pari materia* are to be taken together, as if they were one law. Doug., 30; 2 T. R., 387, 586; 4 Mau. & Sel., 210. If a thing contained in a subsequent statute be within the reason of a former statute, it shall be taken to be within the meaning of that statute; Ld. Raym., 1028; and if it can be gathered from a subsequent statute *in pari materia*, what meaning the legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute.

*United States v. Freeman*, 44 U.S. 556, 564–65 (1845). Here Congress first required judicial leave of court before dismissing an indictment, information, of complaint under Rule 48(a). Subsequently, Congress granted the victim the reasonable right to be and the right to be treated with fairness and with respect for the victim's dignity concomitantly with the courts obligation to ensure those rights under 18 U.S.C. § 3771. Constructing the judicial requirements together requires the judicial branch of government before granting leave of court under a proper Rule 48(a) motion to ensure that J.H. is heard and that fairness with respect to

J.H.'s dignity are ensured. Some courts have reviewed the requirement for fairness

and with respect for the victim's dignity. One court indicated,

> *"The right to be treated with fairness and with respect for the victim's*
> *dignity and privacy."* 18 U.S.C. § 3771(a)(8). Neither the text of the statute
> nor its legislative history provides guidance as to what specific procedures or
> substantive relief, if any, Congress intended this provision to require or
> prohibit. The provision's broad language will undoubtedly lead to litigation
> over the extent to which courts must police the way victims are treated
> inside and outside the courtroom. Nevertheless, the Senate sponsors of the
> law were clear in their articulation of the overall import of the provision: to
> promote a liberal reading of the statute in favor of interpretations that
> promote victims' interest in fairness, respect, and dignity. "It is not the intent
> of this bill that its significance be whittled down or marginalized by the
> courts or the executive branch. This legislation is meant to correct, not
> continue, the legacy of the poor treatment of crime victims in the criminal
> process." *See* Senate Debate at S4269 (statement of Sen. Feinstein). My
> application of the statute in this case, and in particular the remedial steps I
> have required to cure past failures of notification and the filing of victim
> information discussed above is intended to conform to the sponsors'
> expectation that the statute will be applied liberally to the extent consistent
> with other law.

*United States v. Turner*, 367 F. Supp. 2d 319, 335 (E.D.N.Y. 2005). Another court

referenced the Statement of Sen. Kyl a sponsor of the CVRC at 150 Cong. Rec.

S10,910 (daily ed. Oct. 9, 2004), indicated

> The broad rights articulated in this section are meant to be rights themselves
> and are not intended to just be aspirational. One of these rights is the right to
> be treated with fairness. Of course, fairness includes the notion of due
> process.... This provision is intended to direct government agencies and
> employees, whether they are in executive or judicial branches, to treat
> victims of crime with the respect they deserve and to afford them due
> process.
>
> *United States v. Heaton*, 458 F. Supp. 2d 1271, 1271–72 (D. Utah 2006)

x

Both *Heaton* and *In re Ryan*, 88 F.4th 614 (5th Cir 2023) discuss the interplay

of the CVRA and Rule 48(a). Regarding the judicial requirements regarding Rule

48(a), the Court in Heaton indicated

> Rule 48(a), however, provides that dismissal must be "with leave of court."
> The purpose of this leave-of-court requirement is to allow the court to
> review the grounds for the dismissal. Usually, of course, the court will
> approve a government motion to dismiss, as "a court is generally required to
> grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly
> contrary to manifest public interest." But even though the standard is a
> deferential one, the court must make its own independent determination that
> dismissal is warranted. **A mere conclusory statement from the
> government that dismissal is appropriate does not allow the court to
> satisfy its obligations**.
> ….
> Therefore, the crime victims' right to be treated with fairness and dignity
> applies not only to public court proceedings but more broadly to all aspects
> of the criminal justice system—including the court's decision whether to
> grant the government's motion to dismiss.
> This interpretation of the Act is fully consistent with the legislative history.
> Congress plainly intended to give victims broad rights to fair treatment. As
> Senator Kyl, one of the chief sponsors of the Crime Victims Rights Act
> explained,
> The broad rights articulated in this section are meant to be rights themselves
> and are not intended to just be aspirational. One of these rights is the right to
> be treated with fairness. Of course, fairness includes the notion of due
> process.... This provision is intended to direct government agencies and
> employees, whether they are in executive or judicial branches, to treat
> victims of crime with the respect they deserve and to afford them due
> process.[11]
> When the government files a motion to dismiss criminal charges that involve
> a specific victim, the only way to protect the victim's right to be treated
> fairly and with respect for her dignity is to **consider the victim's views on
> the dismissal.** It is hard to begin to understand how a victim would be
> treated with fairness if the court acted precipitously to approve dismissal of a
> case without even troubling to consider the victim's views. To treat a person
> with "fairness" is generally understood as treating them "justly" and
> "equitably." **A victim is not treated justly and equitably if her views are
> not even before the court.** Likewise, to grant the motion without knowing

what the victim thought would be a plain affront to the victim's dignity. Indeed, even **the pre-CVRA case law recognized a \*dismissal to be "clearly contrary to the public interest" if the prosecutor appeared to be motivated to dismiss by animus toward the victim**. The court cannot make a fully informed decision about whether the prosecutor is acting out of animus to a victim without having the victim's views on the subject.

Regarding the the judicial requirements regarding the judicial requirements regarding Rule 48(a) the court in In re Ryan, 88 F.4th 614, 6267–28 (5th Cir 2023), indicated,

> But in both cases—an accepted/rejected Rule 11 guilty plea *or* a **granted/denied Rule 48(a) dismissal**—the public interest, especially that of crime victims, rests crucially on court-approval. **In short, the judicial role stays present and constant throughout, and courts must validate the public interest, above all, including rights that Congress** has given to crime victims.
> …
> district court will assess the public interest according to caselaw as well as the CVRA, including violations already admitted to, **as well as any other circumstances brought to its attention by the victims' families**. See United States v. Hamm, 659 F.2d 624, 629 (5th Cir. Unit A Oct. 1981) (en banc) (reiterating Supreme Court and prior Fifth Circuit precedent that district judges are empowered to deny dismissal when "clearly contrary to manifest public interest" as assessed "at the time of the decision to dismiss"); see also United States v. Romero, 360 F.3d 1248, 1251–52 (10th Cir. 2004) (noting courts may refuse to dismiss charges if dismissal is "clearly contrary to manifest public interest" and discussing Fifth Circuit cases); United States v. Garcia-Valenzuela, 232 F.3d 1003, 1007–08 (9th Cir. 2000) (same); cf. United States v. Carrigan, 778 F.2d 1454, 1463 (10th Cir. 1985) (observing that although "a court's discretion is more limited under Rule48(a) than ... under Rule 11(e)," courts are not required to grant Rule 48(a) motions to dismiss if "clearly contrary to manifest public interest," and citing Fifth Circuit cases).

The Supreme Court examined the leave of court requirement in *Rinaldi v. United States*, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977) and if the prosecutor's motion to dismiss was not "tainted with impropriety," and was not "motivated by considerations ... 'clearly contrary to manifest public interest,' " the trial court could not properly deny the prosecutor's motion. The holding was that the district court abused its discretion in refusing to grant the Government's motion on the ground that the violation of the *Petite* policy in this case resulted from prosecutorial misconduct rather than inadvertence. In the case below, there was no prosecutorial misconduct. [1] Accord, *United States v. Weber*, 721 F.2d 266 (9th Cir. 1983)(where the government had doubt of the defendant's guilt where is not the case below)

What occurred was political pressure from law enforcement. Thereafter, new false facts without a proper basis were proffered contrary to what had been presented to the jury and J.H. was attacked by the government. As the district court indicated in its order, it did not accept the government's new view. (Document 103, Page 3, Footnote 2) In order to determine whether the government's actions, the court's objective view of the facts is material.

---

[1] Per the district court, "In my view, the jury verdict was fully supported and the case was not unfairly argued, as the government at some early point argued." See https://www.latimes.com/california/story/2025-06-02/federal-jury-conviction-unraveled-under-top-prosecutor

The Government indicates that the district court summarized the law regarding the law related to Rule 48(a) motion, but nowhere in that discussion is a consideration of the interplay of the CVRA and Rule 48(a). (Document 103) The failure of the district court in considering victim's rights is in error. The Court did indicate there is certainly a public interest in upholding jury verdicts, but the court never addressed victim's rights.

The Government indicates J.H. address the district court and the court "accepted the filing" of J.H.'s attorney and indicates this is sufficient. [1] As indicated in the CVRA, not only must the district court take up the assertion, it must also decide the assertion which does not appear in the order. (Document 100) If the court is to consider all of the circumstances brought to the court's attention requires the court to determine if the Rule 48(a) motion was a proper request as made.

The Government's reliance was a Rule 48(a) motion. There was no proper Rule 48(a) motion below. While these is no caselaw to indicate a partial dismissal is allowed, there is caselaw that indicates "A count cannot be stricken in part as distinguished from a dismissal of the whole count." *Edgerton v. United States*, 143 F.2d 697, 699 (9th Cir. 1944). Even with a defendant's consent, striking out words

---

[1] Counsel's recollection is that the district court indicated it reviewed, not accepted the pleading.

is improper in an indictment is improper.  See *Stewart v. District Court*., 9 Cir.,

1926, 16 F.2d 863, cert. denied, 273 U.S. 755 (1927)).

Neither the Garland Memo nor the Consent of the parties can create judicial

authority to dismiss of amend a count in an indictment which is in the province of

the Grand Jury.  [1]  Here the change occurred post a jury verdict and post the

Defendant's post judgment motion for acquittal being denied.  There were no

clerical errors below.  The intent was to eliminate words in the indictment to create

a substantive change of a crime from a felony to a misdemeanor.  The parties and

the district court failed to head the admonition of this Court

> we suggest to the District Courts and to the bar that, for the present at least,
> the only safe course is never to amend the body of an indictment, either on
> its face or by order not carried out to the point of changing the face of the
> paper.

*Heisler v. United States*, 394 F.2d 692, 696 (9th Cir. 1968).  While the

Government may wish to dismiss a substantive part of an indictment, but that is not

allowed.  The Government has not provided any presidential authority to allow

what is prohibited by the Constitution to alter indictments notwithstanding any

prosecutorial discretion that they may have.  *Ex parte Bain*, 121 U.S. 1 (1887).

---

[1] Rule 7(d) of the Criminal Rules allows at the defendant's request the ability to
dismiss surplusage.  Element of the crime are not surplusage.

## CONCLUSION

The Government has not provided competent authority that indicates the Petition should be denied. The authority provides lacks substantial weight under the facts of this case. This Court should grant the writ of mandamus except for the five day stay request that was withdrawn.

DATED: 6/4/25                     Respectfully submitted,
                                  LAW OFFICES OF CAREE HARPER

                                  **/S/ Caree Harper__**
                                  Caree Harper
                                  **Attorneys for Petitioner / Crime Victim "J.H"**

## STATEMENT OF RELATED CASES

JH states that pursuant to Ninth Circuit Rule 28-2.6, she is unaware of any cases related to this appeal.

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the word limit of Circuit Rule 32-1(b) because it contains 5012 words, excluding the portions exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point TIMES NEW ROMAN font.

Dated: JUNE 4, 2025        Respectfully submitted,
LAW OFFICES OF CAREE HARPER

**/S/ Caree Harper__**
Caree Harper
**Attorneys for Petitioner / Crime Victim
"J.H"**

xix