# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE J.H.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,<br><br>Respondent. | ) C.A. No. 25-3472<br>) D.C. No. 24-CR-527<br>) (Central Dist. Cal.)<br>)<br>)<br>) **OPPOSITION TO MOTION TO**<br>) **STRIKE GOVERNMENT'S**<br>) **RESPONSE TO MANDAMUS**<br>) **PETITION**<br>)<br>)<br>) |

The Government hereby files this opposition to Victim J.H.'s motion to strike the Government's response to J.H.'s mandamus petition. (Dkt. 14.) The Government acknowledges that it responded to J.H.'s petition approximately five hours after the Court's deadline, but this delay was reasonable given the circumstances of the case. And to the extent that a motion to accept a late filing was required, the Government hereby asks the Court to treat this opposition as such a motion.

On May 27, 2025, the district court issued an order—which is the subject of J.H.'s petition—that granted the Government's motion to

strike a portion of the indictment under Fed. R. Crim. P. 48(a). (CR 103.) In that same order, the district court scheduled defendant Trevor James Kirk's sentencing on June 2, 2025, at 11:00 a.m. (*Id.* at 7.)

On June 2, 2025—six days later—attorney Caree Annette Harper belatedly filed a petition for a writ of mandamus under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, on behalf of J.H. (Dkt. 1.) While her petition seeks a stay of sentencing, the petition was not docketed until after sentencing had begun. And she did not provide any other basis for emergency treatment of her filing.

On the afternoon of June 2, 2025, the Court ordered the real parties in interest, including the Government, to respond to the petition by 5:00 p.m. on June 3, 2025. (Dkt. 5.) The Government immediately began preparing its response and was on track to comply with the Court's deadline. On the morning of June 3, 2025, however, the Government was copied ("cc'd") on an e-mail in which J.H.—or at least someone purporting to be J.H.—informed Ms. Harper that J.H. was terminating Ms. Harper's representation. (Ex. A to Dkt. 8.) The Government thus notified the Court and asked for a 48-hour extension to resolve any potential conflict involving Ms. Harper. (Dkt. 8.)

2

The reason for the Government's extension motion was simple: neither the Court nor the parties should be required to respond to a victim's mandamus petition when there is a good faith basis to question whether the attorney continues to represent the victim. And at this time, it remains unclear to the government whether Ms. Harper represents J.H. or had J.H.'s permission to file the mandamus petition.

In response to the Government's motion, Ms. Harper represented that she "did not receive an email from my client terminating my services to today" and "This looks like a fake email to me." (Dkt. 9.1 at 2, ¶ 3 (emphasis omitted).)[1] Yet, Ms. Harper identifies the email address that sent the email in her declaration—even though it was redacted in the government's filing—and she attached an unredacted copy of the email in her response to the Government's motion, though the header is separated from the text for some reason. (*See* Dkt. 9.1 at 2 n.1, and 9.2 at 1-2.) These facts suggest that Ms. Harper received the actual email at some point, and the email is directed to Ms. Harper at

---

[1] To be clear, the Government rejects any claim that it fabricated the email or was "behind" the email in some manner. (Dkt. 9.1 at 2, ¶ 3.)

an email address that the Court's own ECF notifications cite as one of Ms. Harper's email addresses, namely: ch1@attorneyharper.com. (Dkt. 9.1 at 2 n.1.) What's more, Ms. Harper's declaration does not state that she has spoken to J.H. about this petition or confirmed that J.H. did not terminate her representation. (*See* Dkt. 9.1 at 2-4.) Rather, she notes that it's often been difficult to maintain communication with J.H., and "Judge Wilson made it clear on the record in [J.H.'s] civil case, that a change of counsel requires a ***motion***." (Dkt. 9.1 at 2, ¶ 4 (emphasis in original).)

After Ms. Harper's filing, the Court rejected the Government's request for an extension, but the 5:00 p.m. filing deadline had already passed. (Dkt. 10.) Once it received the Court's order, the Government quickly worked to finalize its response and filed the response later that evening. The Government was able to do that because a complete draft of the response had already been prepared and just needed a few more hours for editing, supplemental legal citations, and tables to finalize it.

In short, the Government did not ignore this Court's scheduling order or seek to unfairly compress the time for J.H. to file her reply. The Government merely anticipated that the briefing schedule would be

extended or stayed given the questions about J.H.'s representation. The Government also would not have objected to a request by J.H. for a reciprocal extension, given that the proceedings before the district court are over and there is nothing to be stayed.

In light of these unique circumstances, J.H.'s motion to strike should be denied. In the alternative, the Government asks the Court to treat this opposition as a motion to accept a late filing and grant it.

DATED: June 4, 2025.

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

/s/ *Robert J. Keenan*

ROBERT J. KEENAN
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA