FILED

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: J.H.<br>_____<br><br>J.H.,<br><br>        Petitioner.<br><br>  v.<br><br>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES,<br><br>        Respondent.<br><br>TREVOR JAMES KIRK; UNITED STATES OF AMERICA,<br><br>        Real Parties in Interest. | No. 25-3472<br><br>D.C. No.<br>24CR-00527<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: Kim McLane Wardlaw, Gabriel P. Sanchez, and Anthony D. Johnstone, Circuit Judges.

      Petitioner J.H. is a victim of excessive force carried out by a Los Angeles Deputy Sheriff ("Defendant"). A jury returned a guilty verdict against Defendant for a felony violation of 18 U.S.C. § 242, finding that he deprived J.H. of her constitutional right to be free from excessive force under color of law. Before sentencing, the district court granted the Government's motion under Federal Rule

of Criminal Procedure 48(a) to dismiss the allegations in the indictment that made Defendant's crime a felony, rather than a misdemeanor. Petitioner opposes the reduction. She filed a petition for a writ of mandamus in this court pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.

The CVRA grants victims of crimes certain enumerated rights and provides a vehicle for asserting those rights in criminal proceedings. *See id.* § 3771(a), (d)(3). If a district court denies a victim's motion asserting a right enumerated in the CVRA, the statute permits the victim to challenge such denial in this court through a petition for a writ of mandamus. *Id.* § 3771(d)(3). In reviewing CVRA mandamus petitions, "we apply the ordinary standards of appellate review," that is, "de novo review for legal conclusions, clear-error review for factual findings, and abuse-of-discretion review for discretionary judgments." *In re Doe*, 57 F.4th 667, 672–73 (9th Cir. 2023); *see also Kenna v. U.S. Dist. Ct.*, 435 F.3d 1011, 1017 (9th Cir. 2006) (explaining that "we need not balance the usual *Bauman* [*v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977)] factors . . . in ruling on mandamus petitions brought under the CVRA").

The CVRA codifies important "[r]ights of crime victims," including "[t]he right to be reasonably heard" in certain proceedings and "[t]he right to be treated with fairness and with respect for the victim's dignity . . . ." 18 U.S.C. § 3771(a)(4), (8). Here, however, Petitioner has not shown, and the record before

us does not reflect, that the district court denied her any right enumerated in the CVRA. *See id.* § 3771(a)(1)–(10). Petitioner's counsel filed a victim impact statement that included objections to and legal arguments against the Government's Rule 48(a) motion, and Petitioner acknowledges that the district court read the statement. Petitioner also addressed the district court at the May 19, 2025 hearing. *See id.* § 3771(a)(4) (affording the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding"); *Kenna*, 435 F.3d at 1016 (holding that this right "give[s] crime victims the right to speak at proceedings covered by the CVRA"). Though Petitioner challenges the legal basis of the district court's order granting the Rule 48(a) motion, the CVRA's mandamus procedure does not permit victims to challenge—and does not empower a court of appeals to address—matters other than a district court's denial of the rights enumerated in that statute. *See* 18 U.S.C. § 3771(d)(3).

We deny the petition for a writ of mandamus pursuant to 18 U.S.C. § 3771. We also deny the motion (Dkt. No. 14) to strike the answer.

**DENIED.**